IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RAY W. METTETAL, JR. )
)
v. ) NO. 3:00-0940
)
THE VANDERBILT UNIVERSITY, et al. )

TO:   Honorable Robert L. Echols, District Judge

# R E P O R T  A N D  R E C O M M E N D A T I O N

Pursuant to the Order entered July 19, 2006 (Docket Entry No. 251), this action was referred to the Magistrate Judge for pretrial proceedings.

Presently pending before the Court is the Motion for Summary Judgment (filed September 8, 2006; Docket Entry No. 253) of Defendants Vanderbilt University, James Campbell, Allan R. Guyet, John A. Jackson, III, Edna Sue Pully, Jennifer D.K. West, and Donnie Young ("Vanderbilt Defendants"). Plaintiff has filed a Response (Docket Entry No. 256) in opposition to the Motion and the Vanderbilt Defendants have filed a Reply (Docket Entry No. 259).

Also before the Court is the Motion for Summary Judgment (filed October 9, 2006; Docket Entry Nos. 264) of Defendants Metropolitan Government of Nashville and Davidson County, Thomas Burke, Brad Putnam, and David Miller ("Metro Defendants"). Plaintiff has not responded to this motion.

For the reasons set forth below, the Court recommends that the motions be denied.

# I. BACKGROUND

The complete factual and procedural background of this action is extensive. For the purpose of review of the pending summary judgment motions, a summary of the pertinent facts of the action is as follows.

On August 22, 1995, Plaintiff was arrested in Nashville, Tennessee, while on the campus of Vanderbilt University and was taken into custody on the charge of criminal trespass. He was wearing a disguise and was in possession of false identification documents. It was eventually ascertained that Plaintiff was a doctor from Harrisonburg, Virginia. As a result of communications between law enforcement officials in Nashville and Harrisonburg, Virginia officials obtained search warrants and searched Plaintiff's home, office, car, and a storage facility. These searches uncovered several more false identification documents and a large jar of ricin, a deadly toxin.[1]

Based upon these events, Plaintiff was indicted by the State of Tennessee on the charge of attempted murder. He was also indicted in the United States Court for the Western District of Virginia for the offenses of possession of a toxin for use as a weapon, in violation of 18 U.S.C. § 175, and possession with intent to use unlawfully five or more false identification documents, in violation of 18 U.S.C. § 1028(a)(3). Additionally, Plaintiff was indicted in the United States District Court for the Middle District of Tennessee for making false statements in violation of 18 U.S.C. § 1001.

In 1998, Plaintiff was convicted of the two federal charges in the Western District of Virginia. Upon appeal, the conviction was overturned by the United States Court of Appeals for the Fourth Circuit in May 2000, on the grounds that there was no probable cause for the initial arrest

---

[1] A more complete recitation of these events is set out at Docket Entry 230 at 3-5.

and, thus, the evidence uncovered by the subsequent searches should have been suppressed. See United States v. Mettetal, No. 99-4013, 2000 WL 530330 (4th Cir., May 3, 2000) ("Mettetal I"). Upon remand, Plaintiff was tried and convicted a second time. The conviction was again overturned upon appeal. See United States v. Mettetal, No. 02-4120, 2002 WL 31375600 (4th Cir., Oct. 23, 2002) ("Mettetal II"). In December 2002, the indictment against Plaintiff was dismissed in the Western District of Virginia. From the time of his arrest to the time of Mettetal II, Plaintiff remained incarcerated.

While the criminal proceedings were pending in Virginia, the other criminal charges against Plaintiff were dismissed. In October 1999, the state trial court in Tennessee found that there was no probable cause for the initial arrest and suppressed all evidence seized during the subsequent searches. Also in 1999, the federal charge in the Middle District of Tennessee was dismissed upon motion of the government because Plaintiff had been convicted on more serious charges in the Western District of Virginia.

In the aftermath of the dismissal of the state and federal charges in Tennessee and the initial reversal of the federal conviction in Virginia, Plaintiff simultaneously filed pro se lawsuits in both state and federal court alleging civil rights violations based on the events surrounding his arrest. On October 2, 2000, he filed the instant action and, two days later, he filed a lawsuit in the Circuit Court for Davidson County, Tennessee.

The state lawsuit filed by Plaintiff was dismissed sua sponte by the trial court on January 28, 2002 for want of prosecution. Plaintiff did not appeal or otherwise challenge that order.

3

The posture of the instant federal action is quite different.[2] By order entered July 22, 2003 (Docket Entry No. 66), several claims and defendants were dismissed from the lawsuit. By orders entered March 8, 2004 (Docket Entry No. 217), and March 19, 2004 (Docket Entry No. 223), respectively, the Court dismissed all remaining claims and defendants. Plaintiff appealed the three orders.

On September 1, 2005, the Sixth Circuit Court of Appeals affirmed in part, reversed in part, vacated in part, and remanded the action for further proceedings. See Mettetal v. Vanderbilt University, 147 Fed. App. 577 (6th Cir. 2005) (Docket Entry No. 230). While the Court's orders were affirmed in large part, the Sixth Circuit found that the Court erred in dismissing Plaintiff's Section 1983 false arrest and illegal search claims against the Vanderbilt Defendants and the Metro Defendants[3] as untimely filed. Specifically, the Sixth Circuit found that these claims did not accrue at the time of his arrest, but instead at the time the criminal charges against him were dismissed in December 2002. See Docket Entry No. 230 at 11-12.

The Sixth Circuit also determined that Plaintiff's complaint sufficiently alleged a claim against the Vanderbilt Defendants and the Metro Defendants for a civil conspiracy under Section

---

[2] The complaint was amended by Plaintiff four times, see Docket Entry Nos. 13, 15, 16, and 19, and a total of 44 defendants were eventually named in the action. The final amended complaint described the suit as "a civil action for money damages brought pursuant to 42 USC sections 1983 and 1986, 18 USC sections 1983 and 1986, 18 USC section 1964(c) [the Racketeer Influenced and Corrupt Organizations Act ("RICO")], 28 USC 1346(b), and the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments of the U.S. Constitution and under the common laws of the states of Tennessee and Virginia." See Docket Entry No. 19 at 5.

[3] At the time the Sixth Circuit opinion was issued, Defendants L.M. Miller and Tommy Jacobs were a part of the group of Metro Defendants who were represented by the Metropolitan Government Department of Law. Since that time, separate counsel has been substituted for these two defendants in their individual capacities and they have filed separate answers. See Docket Entry Nos. 262, 268, and 269.

4

1983 to falsely arrest him such that it could withstand a motion to dismiss for failure to state a claim.[4] Id. at 12-13. Finally, the Sixth Circuit found that the Court erred in dismissing as untimely Plaintiff's claim that Defendants U.S. Deputy Marshal David Dixon and FBI Special Agent Stephen Dickey violated his Fifth and Sixth Amendment rights by failing to intervene during Plaintiff's purported illegal interrogation by Metropolitan Nashville Detective David Miller. Id. at 13-14.

The Sixth Circuit specifically directed that the Court: (1) consider whether, under Shamaeizadeh v. Cunigan, 183 F.3d 391, 399 (6th Cir. 1999), Plaintiff filed his claims against Defendants Dixon and Dickey in a timely fashion; and (2) consider Plaintiff's request for appointment of counsel. See Docket Entry No. 230 at 14-15.

## II. PENDING MOTIONS FOR SUMMARY JUDGMENT

The two pending motions for summary judgment are based on the same argument.[5] The Vanderbilt Defendants assert that the January 28, 2002, order which dismissed Plaintiff's state lawsuit should be given preclusive effect under the theory of res judicata and should bar Plaintiff from pursuing claims against the Vanderbilt Defendants in this action. Defendants argue that the judgment dismissing that action for want of prosecution must be viewed as a judgment dismissing the action with prejudice in accordance with Rule 41.02 of the Tennessee Rules of Civil Procedure because the state court did not specify in the order that the action was being dismissed without

---

[4] To the extent that Plaintiff alleged other civil conspiracy claims, the Sixth Circuit found that such claims were properly dismissed.

[5] The Metro Defendants adopt the legal arguments made by the Vanderbilt Defendants. See Docket Entry No. 264.

5

prejudice. As such, the Vanderbilt Defendants argue that the judgment is a judgment on the merits and bars Plaintiff from pursuing his claims against them in the instant action since they were named as defendants in the state court action and the claims brought against them in the instant action could have been pursued in the state court action.

Plaintiff responds by arguing that res judicata does not apply because his state court lawsuit raised only claims under Tennessee common law and he did not raise his federal, civil rights claims in that action. Therefore, he argues that the prior lawsuit should not bar him from litigating the instant lawsuit.

The Vanderbilt Defendants reply that Plaintiff's contention is belied by the language of the complaint he filed in the state lawsuit. Defendants assert that the language of that complaint clearly states that Plaintiff was pursuing his federal civil rights claims under 42 U.S.C. §§ 1983 and 1986 in that action. See Docket Entry Nos. 257 and 259.

### III. ANALYSIS

Defendants are correct that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747, 758 (6th Cir. 2003); Smith v. Metropolitan Development Housing Agency, 857 F. Supp. 597, 600 (M.D. Tenn. 1994). Accordingly, if the courts of Tennessee would view the January 28, 2002, judgment

6

dismissing Plaintiff's state court lawsuit as barring a subsequent lawsuit because of principles of res judicata, this Court should accord that judgment the same preclusive effect.

Under Tennessee law, the doctrine of res judicata bars "all claims that were actually litigated or could have been litigated in the first suit between the same parties." Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark, 586 S.W.2d 825, 826 (Tenn. 1979). Four elements must be established before res judicata can be asserted as a defense: (1) the underlying judgment must have been rendered by a court of competent jurisdiction; (2) the same parties were involved in both suits; (3) the same cause of action was involved in both suits; and (4) the underlying judgment was on the merits. Collins v. Greene County Bank, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995) (citing Lee v. Hall, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)).

In the instant action, the Court finds Plaintiff's argument against the application of res judicata to be meritless. First, the lawsuit Plaintiff filed in state court did, in fact, raise the same federal civil rights claims as raised in the instant action. While Plaintiff is correct that the introduction contained in the complaint filed in the state lawsuit asserts that the complaint is an action "brought pursuant to the common law of the state of Tennessee," see Docket Entry 254-2 at 5, other parts of the complaint clearly allege that "the defendants have deprived the Plaintiff of rights secured by the U.S. Constitution in violation of 42 U.S.C. sections 1983 and 1986." Id. at 8, 19, and 22; Docket Entry No. 254-3 at 3, and 22. The only fair reading of the complaint filed in state court is that it raised both Plaintiff's state and federal claims.

Regardless, even if the state complaint had raised only Plaintiff's state law claims, that alone would not prevent the application of the doctrine of res judicata. As the Tennessee Supreme Court noted in American Nat'l Bank & Trust Co. of Chattanooga v. Clark, "[i]t has long been the rule in

7

this state that not only issues which were actually determined, but all claims and issues which were relevant and which could reasonably have been litigated in a prior action, are foreclosed by the judgment therein." 586 S.W.2d at 826 (citing Jordan v. Johns, 168 Tenn. 525, 79 S.W.2d 798 (1935)). The doctrine of res judicata operates to bar all claims that were actually litigated or could have been litigated in the first suit between the same parties. Graybar Electric Co. v. New Amsterdam Casualty Co., 186 Tenn. 446, 211 S.W.2d 903 (1948). As a general matter, because Plaintiff's civil rights claims could have been litigated in his state court action, they fall within the scope of res judicata preclusion.

However, this does not end the analysis. Defendants' res judicata defense suffers from a fatal problem which, although not raised by Plaintiff, requires the Court to deny their motions. In its opinion reversing the prior dismissal of this action, the Sixth Circuit specifically found that Plaintiff's Section 1983 claims against the Vanderbilt Defendants and the Metro Defendants did not accrue until the criminal charges against him were dismissed in December 2002. See Docket Entry No. 230 at 11-12. Thus, the claims Defendants seek to dismiss on res judicata grounds had not accrued at the time the judgment was entered in January 2002, dismissing Plaintiff's state court lawsuit. The state court judgment simply has no preclusive effect as to claims which had not accrued and could not have been litigated on the merits at the time the state court judgment was entered.

In Lien v. Couch, 993 S.W.2d 53 (Tenn. Ct. App. 1998), the Tennessee Court of Appeals noted this rule when it held:

> A prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the reexamination of the same question between the same parties when the facts have changed or new facts have

> occurred that have altered the parties' legal rights and relations. See White v. White, 876 S.W.2d 837, 839-40 (Tenn. 1994).

993 S.W.2d at 56. See Cihlar v. Crawford, 39 S.W.2d 172, 178 (Tenn. Ct. App. 2001) ("[a] previous judgment cannot extinguish a claim that did not exist and could not possibly have been sued upon in the previous case."). This is exactly the scenario presented by the instant action. Because Tennessee courts could not give preclusive effect to the judgment dismissing Plaintiff's state lawsuit with respect to the unaccrued Section 1983 claims, Defendants' motions for summary judgment based on res judicata must fail.

### R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that:

1) the Motion for Summary Judgment (filed September 8, 2006; Docket Entry No. 253) of Defendants Vanderbilt University, James Campbell, Allan R. Guyet, John A. Jackson, III, Edna Sue Pully, Jennifer D.K. West, and Donnie Young ("Vanderbilt Defendants") be DENIED; and

2) the Motion for Summary Judgment (filed October 9, 2006; Docket Entry Nos. 264) of Defendants Metropolitan Government of Nashville and Davison County, Thomas Burke, Brad Putnam, and David Miller ("Metro Defendants") be DENIED.[6]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection

---

[6] By separately entered orders, the Court has addressed all other pending motions.

is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

10