UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAY W. METTETAL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 3:00-0940 |
| | ) JUDGE ECHOLS |
| THE VANDERBILT UNIVERSITY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court are the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on February 13, 2007 (Docket Entry No. 275), The Vanderbilt Defendants' Objections To The Magistrate Judge's Report and Recommendation (Docket Entry No. 280), The Objection To Report And Recommendation (Docket Entry No. 282) filed by Defendants Metropolitan Government of Nashville and Davidson County, Sgt. Thomas Burke, Detective Brad Putnam, and former Detective David Miller, and Plaintiff Ray W. Mettetal, Jr.'s Reply to Objections To Magistrate Report By Defendants Metropolitan Government & Vanderbilt University (Docket Entry No. 284). Also pending are the Motion For Summary Judgment (Docket Entry No. 253) filed by Defendants Vanderbilt University, James Campbell, Allan R. Guyet, John A. Jackson III, Edna Sue Pully, Jennifer D.K. West, and Donnie Young ("the Vanderbilt Defendants") and the Motion for Summary Judgment (Docket Entry No. 264) filed by Defendants Metropolitan Government of Nashville and Davidson County, Sgt. Thomas Burke, Detective Brad Putnam, and former Detective David Miller ("the Metro Defendants"). Plaintiff filed a response (Docket Entry No. 256) to the motion for summary judgment filed by the Vanderbilt Defendants, who filed a reply (Docket Entry

1

No. 259), but Plaintiff did not file a response to the motion for summary judgment filed by the Metro Defendants.

## I. STANDARDS OF REVIEW

When a party makes timely objections to an R&R, the Court must conduct "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Id.

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. ANALYSIS

The procedural history of this case is competently summarized in the "Background" section at pages 2-5 of the R&R and there is no need to repeat that information here. The Court accepts and

incorporates by reference into this Memorandum the "Background" section of the R&R. Only certain aspects of the procedural history are presently relevant.

This Court previously dismissed all claims brought against all defendants in this case. On appeal the Sixth Circuit affirmed in part and reversed in part and remanded the action for further consideration of Plaintiff's § 1983 claims for false arrest and illegal search brought against the Vanderbilt and Metro Defendants. Mettetal v. Vanderbilt Univ., 147 Fed. Appx. 577, 584 (6th Cir. 2005). The appellate court found that these claims were timely filed and should not have been dismissed as barred by the statute of limitations because the claims did not accrue at the time of Plaintiff's arrest on the Vanderbilt University campus on August 22, 1995. Rather, the Sixth Circuit held, the claims were timely filed because the claims accrued when the criminal charges filed against Plaintiff were dismissed in December 2002. In so holding, the court relied on Shamaeizadeh v. Cunigan, 182 F.3d 391, 399 (6th Cir. 1999). In that case, the Sixth Circuit ruled that, in light of the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), "the statute of limitations does not begin to run on a criminal defendant's § 1983 claim until the criminal charges have been dismissed if the § 1983 claim could bring the claimant's criminal conviction into question." Mettetal, 147 Fed. Appx. at 584. Because Plaintiff's § 1983 claims against the Vanderbilt and Metro Defendants directly called into question his criminal conviction, the Sixth Circuit held Plaintiff's claims did not accrue until the criminal charges were ultimately dismissed in late 2002. Id.

Further, the Sixth Circuit held that Plaintiff sufficiently alleged a § 1983 claim against the Vanderbilt Defendants and the Metro Defendants for civil conspiracy to arrest him falsely and that this Court should not have dismissed this claim for failure to state a claim. Id. at 585. However, "to the extent that Mettetal alleges that these defendants engaged in a conspiracy illegally to interrogate

3

Mettetal or that they conspired with [Virginia authorities] illegally to search Mettetal's home, car, and storage unit [in Virginia], the district court was correct in dismissing such claims for failure to allege that the parties entered into any kind of agreement or formed a single plan." Id.

On remand, the Vanderbilt Defendants and the Metro Defendants moved for summary judgment on the ground that Plaintiff's surviving § 1983 claims against them are barred by the doctrine of *res judicata*. The doctrine applies in this case, Defendants argued, because Plaintiff simultaneously filed *pro se* civil rights lawsuits in Tennessee federal and state courts. Plaintiff first filed this lawsuit on October 2, 2000, and two days later, on October 4, 2000, he filed a nearly identical lawsuit alleging the same § 1983 claims and additional state-law claims against the same defendants in Circuit Court for Davidson County, Tennessee. Although this federal case proceeded in litigation, Plaintiff's state court lawsuit lay dormant. On January 28, 2002, the state court dismissed the action for Plaintiff's failure to prosecute. The state court's order did not state whether the dismissal was with or without prejudice. Tennessee Rule of Civil Procedure 41.02(3) provides, however:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.

The state court assessed court costs against Plaintiff, and he paid the costs as ordered. Plaintiff did not appeal the dismissal of his state suit or take any other action in state court to obtain a dismissal without prejudice.

The Vanderbilt and Metro Defendants now contend on summary judgment that the civil rights claims Plaintiff asserts in this federal lawsuit were raised and could have been decided in the state court action. Therefore, because the state court's dismissal for failure to prosecute operated

4

as a dismissal with prejudice as a matter of law, the doctrine of *res judicata* precludes Plaintiff from pursuing identical claims against identical defendants in this lawsuit.

As the Magistrate Judge explained, the federal court must give to a state court judgment the same preclusive effect that the state itself would give to the judgment. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747, 758 (6th Cir. 2003). Under Tennessee law, *"[r]es judicata* bars a second suit between the same parties on the same cause of action as to all issues which were or could have been litigated in the former suit." Collins v. Greene County Bank, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995). Four elements must be satisfied before *res judicata* may be applied: "(1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits." Id. These four elements are met in this case, as the Magistrate Judge recognized.

In the R&R, however, the Magistrate Judge reasoned that satisfaction of the four elements of *res judicata* "does not end the analysis." (R&R at 8.) The Magistrate Judge ruled:

> Defendants' res judicata defense suffers from a fatal problem which, although not raised by Plaintiff, requires the Court to deny their motions. In its opinion reversing the prior dismissal of this action, the Sixth Circuit specifically found that Plaintiff's Section 1983 claims against the Vanderbilt Defendants and the Metro Defendants did not accrue until the criminal charges against him were dismissed in December 2002. . . . Thus, the claims Defendants seek to dismiss on res judicata grounds had not accrued at the time the judgment was entered in January 2002, dismissing Plaintiff's state court lawsuit. The state court judgment simply has no preclusive effect as to claims which had not accrued and could not have been litigated on the merits at the time the state court judgment was entered.

(Id.) Relying on Lien v. Couch, 993 S.W.2d 53 (Tenn. Ct. App. 1998), and Cihlar v. Crawford, 39 S.W.2d 172, 178 (Tenn. Ct. App. 2001), the Magistrate Judge recommended denial of Defendants'

5

motions for summary judgment because Tennessee courts could not give preclusive effect to the judgment dismissing Plaintiff's state lawsuit with respect to unaccrued § 1983 claims. (Id. at 8-9.)

Objecting to this recommendation of the Magistrate Judge, the Vanderbilt and Metro Defendants bring to this Court's attention the recent case of Wallace v. Kato, — U.S. —, 127 S.Ct. 1091 (2007), which the Supreme Court issued eight days after the Magistrate Judge filed the R&R. Wallace holds that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."[1] Id. at 1100. The Defendants contend that Plaintiff was detained pursuant to legal process on September 1, 1995, shortly after his August 22, 1995 arrest. Thus, Plaintiff's claim for false arrest accrued more than five years before he filed civil rights suits in federal and state court in October 2000. Thus, not only is the false arrest claim time-barred under the one-year statute of limitations for civil rights claims, see Tenn. Code Ann. § 28-3-104(a)(3); Wilson v. Garcia, 471 U.S. 261, 279-280 (1985); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986), but the requirements for the application of *res judicata* are met. Contrary to the Magistrate Judge's conclusion that the false arrest claim did not accrue until December 2002, nearly twelve months after the state court dismissed Plaintiff's state court suit for failure to prosecute, under Wallace Plaintiff's false arrest claim accrued in 1995. Plaintiff raised the false arrest claim in both the state and federal suits and it could have been litigated in the state court action. Thus, *res judicata* applies to bar litigation of the claim in this federal action. See Madyun v. Ballard, 783 S.W.2d 946, 948 (Tenn. Ct. App. 1989) (affirming dismissal on ground of

---

[1] The Supreme Court suggested that the claim may accrue as early as the time of arrest, but certainly no later than the point at which detention without legal process ends. Wallace, 127 S.Ct. at 1095-1096.

6

*res judicata* where prior identical suit was dismissed for failure to prosecute under Tennessee Rule of Civil Procedure 41.02, and decision was not appealed, became final, and operated as an adjudication on the merits). But see DeLong v. Vanderbilt Univ., 186 S.W.3d 506, 513 (Tenn. Ct. App. 2005) (reversing order denying motion for relief under Tennessee Rule of Civil Procedure 60.02(5) where plaintiff sought amendment of dismissal order to reflect dismissal was without prejudice to avoid operation of Rule 41.02, thus precluding Vanderbilt University from asserting *res judicata* as a bar to an identical federal suit).

The Court adopts Defendants' analysis and sustains their objections to the R&R. Similar reasoning compels the conclusion that Plaintiff's claim for civil conspiracy to effectuate a false arrest also accrued on the day of the arrest or at the latest when Plaintiff was detained pursuant to legal process on September 1, 1995. The Sixth Circuit held that Plaintiff's claim for illegal search accrued on the same day as his claim for false arrest. Mettetal, 147 Fed. Appx. at 584. Therefore, if the false arrest claim accrued under Wallace on August 22, 1995, the day of the arrest, or no later than September 1, 1995, the day Plaintiff was detained pursuant to legal process, then Plaintiff's claim for illegal search also accrued on August 22, 1995 or no later than September 1, 1995. The Vanderbilt Defendants and the Metro Defendants are entitled to summary judgment on the ground of *res judicata*.

The Court's holding does not violate the law of the case as set forth by the Sixth Circuit on appeal when it cited Shamaeizadeh in support of its decision to remand Plaintiff's false arrest and illegal search claims for further proceedings. The Sixth Circuit itself recognized in a recent false arrest case that Wallace "effectively abrogates the holding in Shamaeizadeh and clarifies that Heck[v. Humphrey, 512 U.S. 477 (1994)] has no application to the § 1983 claims in this case." Fox

7

v. DeSoto, — F.3d —, 2007 WL 1584212 at * 4 (6th Cir. June 4, 2007) (affirming dismissal of civil rights claim for false arrest as time-barred by Kentucky's one-year statute of limitations). See also Kucharski v. Leveille, 478 F.Supp.2d 928, 932-933 (E.D. Mich. 2007) (observing Wallace makes clear that Shamaeizadeh's application of Heck is incorrect and holding that illegal arrest and illegal search claims accrued on day of arrest and were time-barred). In light of Wallace and Fox, it is clear that the Sixth Circuit would now affirm this Court's prior dismissal of Plaintiff's claims as time-barred if that court were presented with an opportunity to reconsider its prior ruling.

Plaintiff contends that his case can be distinguished from Wallace because he brought a number of other civil rights claims in addition to false arrest, including a claim for malicious prosecution. The Supreme Court explained in Wallace that, once a plaintiff is bound over by a magistrate or arraigned on criminal charges, damages arising from illegal conduct thereafter may be recoverable on a theory of malicious prosecution or wrongful use of judicial process, but not on a theory of false arrest or false imprisonment. Wallace, 127 S.Ct. at 1096. While Plaintiff did allege a variety of other claims, including malicious prosecution, those claims are not presently before the Court. The Sixth Circuit affirmed the dismissal of all claims against all defendants except the false arrest, illegal search, and civil conspiracy claims brought against the Vanderbilt Defendants and the Metro Defendants. Mettetal, 147 Fed. Appx. at 583. The Sixth Circuit's affirmance of this Court's prior dismissal of the other claims provides Plaintiff with no support to distinguish his remaining claims from the controlling authority of Wallace and Fox.

### III. CONCLUSION

8

For the reasons stated, Plaintiff's claims for false arrest, illegal search and civil conspiracy accrued no later than September 1, 1995. Not only are his claims time-barred under the one-year statute of limitations as the Court previously held, but the claims accrued before the state court dismissed Plaintiff's state action for failure to prosecute, and such dismissal operated as an adjudication on the merits barring the litigation of identical civil rights claims in this federal action.

The Court will accept in part and reject in part the Magistrate Judge's R&R, sustain the objections made by the Vanderbilt Defendants and the Metro Defendants, and grant the motions for summary judgment filed by the Vanderbilt Defendants and the Metro Defendants. The case will be returned to the Magistrate Judge for further proceedings as to the remaining Defendants.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE